UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-565 (CJN) |
| v. : | |
| : | |
| ULIYAHU HAYA, : | |
| : | |
| Defendant. : | |

## ***JOINT* MOTION TO HOLD CASE IN ABEYANCE**

Trial in this case is set to begin on November 6, 2023. *See* Minute Entry of 5/3/2023. Pre-trial motions deadlines are fast approaching. *See* ECF No. 36. For the reasons stated below, the parties jointly respectfully request that this Court vacate the trial date and hold this case in abeyance until the Court of Appeals issues its mandate on the government's pending interlocutory appeal. *See United States v. Haya*, 22-cr-3065 (D.C. Cir. Sept. 20, 2022). Additionally, the parties jointly request that the Court exclude the time between now and the next status conference in this case under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* on the grounds that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial, pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

A grand jury sitting in this district indicted the defendant on multiple charges related to his conduct at the U.S. Capitol building on January 6, 2021, including Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count 2). ECF Nos. 7, 21. On August 18, 2022, the Court granted the defendant's motion to dismiss that count, citing the Court's identical ruling and rationale in another January 6 case, *United States v. Miller*, No. 21-cr-119 (CJN). The government filed an interlocutory appeal. *See Haya*, No. 22-cr-3065.

*Miller* was not the only other January 6 case in which this Court had previously dismissed a Section 1512(c)(2) charge on the same grounds; the Court made identical rulings in *United States v. Fischer*, No. 21-cr-234 (CJN), and *United States v. Lang*, No. 21-cr-53 (CJN). Prior to the Court's dismissal of the Section 1512(c)(2) charge here, the government filed interlocutory appeals in those three cases as well. And prior to the Court's dismissal of the Section 1512(c)(2) charge here, the D.C. Circuit consolidated the *Fischer*, *Miller*, and *Lang* appeals into one case, *United States v. Fischer, et al.*, No. 22-cr-3038 (D.C. Cir. June 27, 2022).

Ultimately, the D.C. Circuit held that this Court erred in dismissing the 1512(c)(2) charges against defendants Fischer, Miller, and Lang. *See United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). Fischer, Miller, and Lang have appealed to the Supreme Court, however, and the D.C. Circuit has stayed the issuance of its mandate pending the Supreme Court's decision. *See Fischer, et al.*, Nos. 22-3038, 22-3039, and 22-3041. Meanwhile, the separate interlocutory appeal in this case remains pending before the D.C. Circuit.

The United States will not withdraw its appeal in this case and a plea does not appear likely. Consequently, it seems that two choices remain: (1) the Court can hold the case in abeyance until the Supreme Court issues its decision in *Fischer* and the D.C. Circuit issues its corresponding mandate on the interlocutory appeal in this case, or (2) the parties can proceed with trial on the remaining charges on November 6, 2023, under considerable risk that the parties later will have to re-try the case on the Section 1512(c)(2) charge alone, with largely the same facts and witnesses, if the Supreme Court upholds the D.C. Circuit's ruling in *Fischer* and the D.C. Circuit mandates that the Section 1512(c)(2) charge be reinstated here. The latter course of action seems like an inefficient use of judicial resources and an unnecessary drain on the jury pool, parties, and

witnesses.

WHEREFORE, the parties jointly respectfully request that the Court vacate the November 6, 2023 trial date and hold this case in abeyance until the appellate courts resolve the status of the Section 1512(c)(2) charge. The parties further request that once the D.C. Circuit issues its mandate in *Fischer*, the Court schedule a status conference in this case to set a trial date. Finally, the parties respectfully request that the Court exclude the time between now and that future status conference under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* on the grounds that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial, pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*For Uliyahu Haya*

*/s/ Maria Jacob*
MARIA JACOB
Assistant Federal Public Defender
625 Indiana Ave., NW, Suite 550
Washington, D.C. 20004
(202) 208-7500
Maria_Jacob@fd.org

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Melanie Krebs-Pilotti*
MELANIE KREBS-PILOTTI
Trial Attorney, Detailee
California State Bar No. 241484
601 D St., NW
Washington, D.C. 20530
(202) 870-7457
melanie.krebs-pilotti2@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 1:21-cr-565 (CJN) |
| **v.** : | |
| : | |
| **ULIYAHU HAYA,** : | |
| : | |
| **Defendant.** : | |

## **ORDER**

Upon consideration of the parties' joint motion seeking to hold the case in abeyance pending the resolution of the government's interlocutory appeal concerning this Court's dismissal of Count 2, *see* ECF No. 28, it is hereby

**ORDERED** that the motion is **GRANTED**.

**ORDERED** that the November 6, 2023 trial date is **VACATED**.

**ORDERED** that the pre-trial deadlines, *see* ECF No. 36, are **VACATED** as well.

The Court will hold this case in abeyance until the Supreme Court and D.C. Circuit resolve the government's interlocutory appeal on the legality of the Section 1512(c)(2) charge as it is used here. At that time, the Court will schedule a status conference, at which the Court will set a new trial date and issue a corresponding new scheduling order. Accordingly, it is also

**ORDERED** that the time between August 29, 2023, and the next status conference in this case shall be excluded from calculation under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* the Court finds that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial, pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

**SO ORDERED** this _____ day of _____ 2023.

.

Date:

                                                    THE HONORABLE CARL J. NICHOLS
                                                    UNITED STATES DISTRICT JUDGE